UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC KELVIN SCOTT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-182 |
| | ) | |
| PENNY HASS FREESEMAN, | ) | |
| and SHALENA COOK JONES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Eric Kelvin Scott, Jr. alleges that he is improperly detained on charges of aggravated assault and possession of a firearm by a convicted felon. *See* doc. 1 at 7. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 7 & 8. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Scott is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Scott alleges that he was detained on charges of aggravated assault and possession of a firearm by a convicted felon in April 2022. Doc. 1 at 7. At some point since that detention began, he asserts that he has submitted "affidavits," one from the victim of the alleged assault and one from the purported owner of the firearms, but he has nevertheless been denied bond by Chatham County Superior Court Judge Penny Hass Freeseman, who is named as a defendant. *Id.* He contends that Judge Freeseman's rulings on his requests for bond "show[ ] prejudice and bias," because his last conviction was over ten years ago and he does not have any other violations which would justify detention. *Id.* He also alleges that Judge Freeseman's denial of several motions asserting his right to a speedy trial "violated [his] civil as well as [his] constitutional rights through the 6th and 14th Amendment; which is also a Brady violation."

*Id.* The only relief he requests is that this Court file this action "expeditiously," and "place [it] as a top priority." *Id.* at 6.

First, to the extent that Scott's Complaint intends to seek this Court's intervention in his state case, it is fatally defective. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); *see also, e.g., Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022); O.C.G.A. § 9-14-1(a) ("Any person retrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may

seek a writ of habeas corpus to inquire into the legality of the restraint."). Accordingly, to the extent he seeks immediate or speedier release, Scott's claims fail.

To the extent that he asks this Court to weigh in on the propriety of his detention or the state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege constitutional and procedural violations in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution,

could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, any such arguments are for the state court. *See also Heck*, 512 U.S. at 487 n. 8 ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."). His request for intervention in any ongoing state proceeding is, therefore, **DISMISSED**.

Even if Scott sought some relief that the Court was capable of providing at this stage of his state prosecution, he could not state a claim against Judge Freeseman. Judges are generally immune from suit unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). While Scott clearly disagrees with Judge Freeseman's disposition of his various bond and speedy-trial motions, he does not even suggest that her dispositions were in the "clear absence of all jurisdiction." *Cf.* O.C.G.A.

5

§ 15-6-8. Judge Freeseman, therefore, enjoys absolute judicial immunity against any claim Scott asserts arising out of her disposition of his motions. His claims against her are, therefore, **DISMISSED**.

Finally, although Scott names Chatham County District Attorney Shalena Cook Jones as a defendant, *see* doc. 1 at 1, 4, she is not mentioned at all in his factual allegations, *id.* at 7. The lack of any allegations implicating her precludes any viable claim. Moreover, Jones is immune from suit for actions taken in her prosecutorial capacity. Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even when accused of perjury. *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor

entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Prosecutorial immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281 (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). Since Scott's allegations are limited to the disposition of motions he has apparently filed in his state criminal case, the Court can only presume that Jones' involvement is limited to opposition to those motions. Her prosecutorial immunity would preclude any claim arising from her advocacy in Scott's criminal case. Scott's claims against Jones are, therefore, **DISMISSED**.

In summary, Scott cannot state any viable § 1983 claim arising from allegedly erroneous disposition of pretrial motions in his,

7

apparently, ongoing state criminal case. To the extent that he seeks immediate release, or other intervention by this Court in that case, his claims are not cognizable under § 1983 or are barred under *Younger*. To the extent that he seeks relief, including monetary damages, against Judge Freeseman, she is immune from claims arising from her disposition of his pretrial motions. Finally, the absence of any allegation against District Attorney Shalena Cook Jones is, clearly, insufficient to state a claim. Moreover, even if he alleged facts implicating Jones in the allegedly erroneous disposition of his motions, she would enjoy immunity against any such claim. All of his claims and his Complaint are, therefore, **DISMISSED**. 28 U.S.C. § 1915A(b)(1). Since all of the claims asserted in the Complaint are irretrievably defective, no opportunity to amend is warranted. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). The Clerk is **DIRECTED** to **CLOSE** this case.

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Scott had $285.50 in average monthly deposits to his prison trust account, *see* doc. 8 at 1, so he owes a $57.10 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific

20 percent formula). Since he proactively remitted $50.00, *see* docket entry dated Sept. 9, 2024, he owes an additional $7.10 initial partial filing fee. Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order.

    **SO ORDERED,** this 18th day of September, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA